Blake E. Johnson
Katherine J. Spohn
BRUNING LAW GROUP
1201 Lincoln Mall, Suite 100
Lincoln, Nebraska 68508
T: 402.261.3475
blake@bruninglawgroup.com
katie@bruninglawgroup.com

Patrick J. Crank, WSB #5-2305
CRANK LEGAL GROUP
1815 Evans Avenue
Cheyenne, Wyoming 82001
T: 307.634.2994
pat@cranklegalgroup.com

*Attorneys for Plaintiffs*

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2017 JUN 26  PM 3: 23

STEPHAN HARRIS, CLERK
CHEYENNE

## IN THE UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF WYOMING
## CHEYENNE DIVISION

| | |
|---|---|
| VICTORY PROCESSING, LLC, and DAVE DISHAW | Case No. _17-CV-109-J_ |
| Plaintiffs, | |
| v. | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| PETER K. MICHAEL, in his official capacity as Attorney General for the State of Wyoming, | |
| Defendant. | |

Victory Processing, LLC, ("Victory Processing") and Dave Dishaw ("Dishaw") (collectively "Plaintiffs") hereby file this petition pursuant to 42 U.S.C. § 1983 for declaratory and prospective injunctive relief from the unconstitutional restraint imposed by WYO. STAT. ANN. § 6-6-104 (2016) (hereinafter referred to as the "Robocall Ban") on Plaintiffs' right to free speech protected by the First and Fourteenth Amendments to the U.S. Constitution.

## PARTIES

1.    Victory Processing, LLC is a limited liability company organized pursuant to the laws of the State of Michigan, with offices located at 190 Monroe NW, Suite 500, Grand Rapids, Michigan 49503.   Victory Processing provides political consulting services to political campaigns in various areas of the United States. Dishaw is the managing member of Victory Processing.

2.    Dave Dishaw is a citizen of the United States and the State of Michigan.   Through his company, Victory Processing, LLC, Dishaw engages in political communications, including through automated telephonic communications on behalf of political campaigns.

3.    Peter K. Michael is the Attorney General for the State of Wyoming, with offices located at 2320 Capitol Avenue, Cheyenne, Wyoming. The Attorney General is charged with the enforcement of the provisions of the Robocall Ban.

2

## JURSIDICTION AND VENUE

4.      This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331, 1341(a)(4), 2201, and 2202.    This action arises under the Constitution and laws of the United States.  Plaintiffs seek a declaration that WYO. STAT. ANN. § 6-6-104 violates the free speech clause of the First Amendment to the U.S. Constitution and prospective injunctive relief from future enforcement thereof.

5.      Venue is proper in this district under 28 U.S.C. § 1391(b)(1) as all the Defendants reside in the State of Wyoming.  Venue is also proper in this district under 28 U.S.C. § 1391(b)(2) as the events giving rise to the claim occurred in this district.

## BACKGROUND

6.      The primary method by which Plaintiffs communicate political messages is through the use of an automated telephone system.

7.      During 2016, Plaintiffs were approached by numerous prospective clients interested in engaging the firm for political consulting services to assist with conveying political messaging on issues that were to be presented to voters in the State of Wyoming.

8.      When conducting the due diligence necessary to assess their ability to assist these prospective clients, Plaintiffs discovered that the provisions of the

3

Robocall Ban restricted the ability of persons to convey political messages through the use of an automated telephone system.

9.  Because of the Robocall Ban's restrictions on the use of automated telephone systems to convey political messages, Plaintiffs were unable to convey political messages to Wyoming voters.

10.  Plaintiffs desire to engage in political speech in the future within the State of Wyoming.  Specifically, Plaintiffs desire to convey that political speech by means of an automated telephone system.

11.  Plaintiffs are unable to engage in such political messaging because such messaging is chilled or otherwise restrained by the Robocall Ban.

12.  Specifically, the Robocall Ban provides:

> No person shall use an automated telephone system or device for the selection and dialing of telephone numbers and playing of recorded messages if a message is to be completed to the dialed number, for purposes of
>
> …
>
> Promoting or any other use related to a political campaign.

WYO. STAT. ANN. § 6-6-104(a)(v).

13.  The Wyoming Attorney General is charged with the enforcement of the Robocall Ban.  *See* WYO. STAT. ANN. § 9-1-603.

14.    Violations of the Robocall subject the violator to imprisonment and/or civil penalties. *See* WYO. STAT. ANN. § 6-6-104(c).

## CLAIM

### The Robocall Ban Violates the Free Speech Clause
### of The First Amendment to the U.S. Constitution

15.    Plaintiffs bring this claim pursuant to 42 U.S.C. §§ 1983 and 1988, against the Attorney General in his official capacity, and seek a declaration from this Court finding that the Robocall Ban on its face unconstitutionally deprives Plaintiffs of their right to free speech guaranteed by the First Amendment to the U.S. Constitution and prospective injunctive relief from future enforcement thereof.

16.    42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and the laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

17.    An actual controversy exists between the parties as to the constitutionality of the Robocall Ban. "We do not require 'a plaintiff to risk actual prosecution before challenging an allegedly unconstitutional statute." *Bronson v. Swensen*, 500 F. 2d 1099, 1107 (10th Cir. 2007). "The threat of prosecution is

generally credible where a challenged provision on its face proscribes the conduct in which a plaintiff wishes to engage, and the state has not disavowed any intention of invoking the provision against the plaintiff." *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 302 (1979).

18.   The provisions of the Robocall Ban, on their face, unconstitutionally chill the freedom of speech guaranteed by the First and Fourteenth Amendments to the U.S. Constitution and thereby violate 42 U.S.C. § 1983.  Plaintiffs are allowed to facially challenge a statute as violating the First Amendment on overbreadth grounds because of the concern that protected speech or associated activities may be chilled.  *See Secretary of State of Maryland v. Munson*, 467 U.S. 947, 956 (1984).

19.   "The First Amendment has its fullest and most urgent application to speech uttered during a campaign for political office." *Eu v. San Francisco Cty. Democratic Central Comm.*, 489 U.S. 214, 223 (1989).  Political speech "is, and has always been, at the core of the protection afforded by the First Amendment." *281 Care Comm. v. Arneson*, 766 F.3d 774 (8th Cir. 2014).

20.   "The fundamental concept of liberty embodied in [the Fourteenth] Amendment embraces the liberties guaranteed by the First Amendment." *Cantwell v. State of Connecticut*, 310 U.S. 296, 303 (1940).  Thus, the protections afforded

by the First Amendment were made applicable to the states through their incorporation into the Fourteenth Amendment's concept of liberty.

21.     The Attorney General's enforcement of the Robocall Ban restricts Plaintiffs' ability to engage in automated telephone calls based on the <u>content</u> of the message conveyed by those calls.  If the automated telephone call is made for the purpose of conveying a political message in support of a political campaign, such call is unlawful.

22.     Content-based restrictions are presumptively invalid and subject to strict scrutiny by the Court.  *See Reed v. Town of Gilbert, Ariz.*, 135 S. Ct. 2218, 2227 (2015); *R.A.V. v. St. Paul*, 505 U.S. 377, 382 (1992).

23.     Under a strict scrutiny analysis, the Attorney General must show that the Robocall Ban's restriction on automated telephone calls conveying a message in support of a political campaign advances a compelling governmental interest and is narrowly-tailored to serve that interest.  *See, Williams-Yulee v. Florida Bar*, 135 S. Ct. 1656 (2015).

24.     The Robocall Ban violates Plaintiffs' right to free speech guaranteed by the First and Fourteenth Amendments to the U.S. Constitution because it does not advance a compelling governmental interest.

25.    Alternatively, the Robocall Ban violates Plaintiffs' right to free speech guaranteed by the First and Fourteenth Amendments to the U.S. Constitution because it is not narrowly-tailored to advance a compelling governmental interest.

26.    Accordingly, Plaintiffs seek a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that the Robocall Ban unconstitutionally deprives them of the right to free speech as guaranteed by the First and Fourteenth Amendments to the U.S. Constitution and thereby violates 42 U.S.C. § 1983, and an injunction prohibiting enforcement of the Robocall Ban.

WHEREFORE, Plaintiffs request that the Court render judgment on this Complaint in their favor and grant the following relief:

1.    Declare that the Robocall Ban unconstitutionally deprives Plaintiffs of their right to free speech as guaranteed by the First and Fourteenth Amendments to the U.S. Constitution;

2.    Enter an order permanently enjoining Defendant from enforcing, or taking any steps to enforce, the Robocall Ban;

3.    Award Plaintiffs their costs incurred in this action, including reasonable attorneys' fees, as permitted by 42 U.S.C. § 1988; and

4.    Grant such additional and further relief as this Court deems just and proper.

8

Respectfully submitted this 26th day of June, 2017.

VICTORY PROCESSING, LLC
and DAVE DISHAW,

Plaintiffs,

By: _____
Patrick J. Crank, WSB #5-2305
CRANK LEGAL GROUP
1815 Evans Avenue
Cheyenne, Wyoming 82001
T: 307.634.2994
pat@cranklegalgroup.com

Blake E. Johnson, *Pro Hac Vice Pending*
Katherine J. Spohn, *Pro Hac Vice Pending*
BRUNING LAW GROUP
1201 Lincoln Mall, Suite 100
Lincoln, Nebraska 68508
T: 402.261.3475
blake@bruninglawgroup.com
katie@bruninglawgroup.com